## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

TREMAIN HOGAN,                    :    Case No. 2:22-cv-3741
                                  :
      Plaintiff,                 :
                                  :
                                  :    Judge James L. Graham
vs.                               :    Magistrate Judge Caroline H. Gentry
                                  :
CORRECTIONS OFFICER               :
HOUSEHOLDER, *et al.*,            :
                                  :
      Defendants.                :

## ORDER

      Tremain Hogan, an Ohio prisoner currently incarcerated at the Northeast Ohio Correctional Center, has filed a *pro se* civil rights action under 42 U.S.C. § 1983 against two corrections officers (Corrections Officers Householder and Hanes) at the Madison Correctional Institution, where plaintiff was previously incarcerated. (Doc. 1-3).[1] Seeking monetary relief, plaintiff alleges that, on August 17, 2021, the defendants violated his rights under the Eighth Amendment to the United States Constitution by having another inmate assault him and by engaging in excessive force following the assault. (Doc. 1-3, at PageID 14, 21).[2] The matter is currently before the undersigned to consider plaintiff's motion to proceed *in forma pauperis* (Doc. 1, 1-1) and supporting certified inmate trust fund statement (Doc. 1-2), and to conduct the initial screen of

---

[1]The undersigned notes that defendant Hanes' name is alternatively spelled Haynes in an exhibit attached to plaintiff's complaint. (*See* Doc. 1-3, at PageID 22). The undersigned uses the spelling "Hanes" in this Order because this is how plaintiff spells this defendant's name in the body of the complaint. (*See, e.g.,* Doc. 1-3, at PageID 11).

[2]Although plaintiff states that he is proceeding under the Eighth Amendment to the Ohio Constitution (*see* Doc. 1-3, at PageID 21), the Court understands plaintiff to be proceeding under the Eighth Amendment to the United States Constitution. Plaintiff indicates elsewhere in his complaint (*see* Doc. 1-3, at PageID 12) that he is bringing his lawsuit under 42 U.S.C. § 1983, which "provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and [federal] laws.'" *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

plaintiff's complaint (Doc. 1-3) as required by law.  The matter is also before the Court on plaintiff's motion for appointment of counsel.  (Doc. 2).

I.    **Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* (Doc. 1, 1-1, 1-2) is **GRANTED**.  It is **ORDERED** that plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914.  Because he is permitted to proceed *in forma pauperis*, he is not required to pay the Court's administrative fee of $52.  *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/ services-forms/fees/district-court-miscellaneous-fee-schedule (accessed Aug. 5, 2022).  Plaintiff's Application, however, reflects that that he does not currently have sufficient funds to pay the full filing fee.  In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint.  After payment of the initial partial filing fee, plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee.  28 U.S.C. § 1915(b)(2).

The custodian of plaintiff's inmate trust account at the institution where he now resides is therefore **DIRECTED** to calculate and submit to the Clerk of Court in Columbus, Ohio, as an initial partial payment, twenty percent (20%) of the greater of:

    (a)     the average monthly deposits to the inmate trust account; or

    (b)     the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

28 U.S.C. § 1915(b)(1).  The custodian is further **ORDERED** to forward from plaintiff's prison account to the Clerk the initial partial filing fee, as funds become available in plaintiff's account until the initial filing fee is paid.  Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full fee of $350 has been paid.  28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  If plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

***The prisoner's name and this case number must be included on each remittance.***

The **CLERK OF COURT** is **DIRECTED** to mail a copy of this Order to plaintiff and the prison cashier's office.

## II.    <u>Initial Screen of the Complaint</u>

Because plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2).  The

Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

As set forth above, plaintiff alleges that on August 17, 2021, defendants Householder and Hanes violated his Eighth Amendment rights by having another inmate assault him and by

4

engaging in excessive force following the assault. (Doc. 1-3, at PageID 14, 21). At this juncture, without the benefit of briefing by the parties to this action, the undersigned concludes that both Eighth Amendment claims, *i.e.*, for failure to protect and for excessive force, against defendants Householder and Hanes may **PROCEED** for further development. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (explaining that the Eighth Amendment prohibits prison officials from using excessive force and imposes a duty to provide humane conditions of confinement, including, *inter alia*, "tak[ing] reasonable measures to guarantee the safety of the inmates") (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)). The undersigned expresses no opinion on the merits of plaintiff's claims at this time.

III. <u>**Motion for Appointment of Counsel**</u>

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear here. Plaintiff's motion (Doc. 2) is **DENIED**.

IV. <u>**Next Steps**</u>

Plaintiff's complaint must be served on defendants Householder and Hanes. However, plaintiff has failed to provide a United States Marshall form and Summons form for each of

defendants Householder and Hanes.[3]  The **CLERK OF COURT** is **DIRECTED** to send to plaintiff a blank copy of these forms along with this Order.  Plaintiff is **ORDERED** to submit a completed Summons form and a completed United States Marshal form for each defendant **WITHIN FOURTEEN (14) DAYS** from the date of this Order**.**

Once these forms are received, the United States Marshal is **DIRECTED** to serve a copy of the complaint and this Order on defendants Householder and Hanes as directed by plaintiff, with costs of service to be advanced by the United States.

Plaintiff is **DIRECTED** to serve upon defendants (or, if appearance has been entered by counsel, upon defendants' attorney(s)) a true and correct copy of every further pleading or other document he submits to the Court for filing.  Plaintiff shall include with each further filing a Certificate of Service stating when he mailed a copy of his document to defendants or defendants' counsel.  Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded by the Court.

Finally, plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

November 17, 2022

*Caroline H. Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

---

[3]Instead, plaintiff has submitted a single Summons, listing both defendants on it, and a single United States Marshal form, listing both defendants on it.  (*See* Docs. 1-4, 1-5).  Plaintiff must submit for *each* defendant a Summons form and a United States Marshal form.