## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| TREMAIN HOGAN, | : | Case No. 2:22-cv-03741 |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| RYAN HOUSEHOLDER, *et al.*, | : | |
| Defendants. | : | |

---

## DECISION AND ORDER

---

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff is an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel. Defendants are corrections officers employed by the Ohio Department of Rehabilitation and Corrections. This matter is before the undersigned Magistrate Judge upon Plaintiff's filing of a Motion for Order Compelling Interrogatories ("Motion to Compel", Doc. No. 19) and a Declaration of Events & Testimony ("Declaration", Doc. No. 20).

All documents filed with the Court must comply with certain rules of form and procedure. Specifically, all filings must take the form of either a pleading specifically authorized by the Federal Rules of Civil Procedure or a motion stating "with particularity" the relief sought and complying with "[t]he rules governing captions and other matters of form." Fed. R. Civ. P. 7. In addition, all filings must be accompanied by a certificate attesting that they have been served on all other parties. Fed. R. Civ. P. 5(d)(1); S.D. Ohio Civ. R. 5.2. Filings concerning discovery disputes must be

1

accompanied by a certificate attesting that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1.

Plaintiff's filings do not comply with these requirements. First, neither Plaintiff's Motion to Compel nor Plaintiff's Declaration contain a certificate of service. Second, Plaintiff's Motion to Compel does not contain a good-faith certification. Finally, Plaintiff's Declaration is not a filing authorized by Fed. R. Civ. P. 7.

Although the Court has discretion to overlook minor deviations, "[a] plaintiff's status as a pro se litigant . . . does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Benzaoual v. Ohiohealth Corp.*, No. 2:19-CV-03366, 2021 WL 2712174, at *3–6 (S.D. Ohio 2021) (Marbley, D.J.) (internal citation omitted). *See also, e.g.*, *Hellmuth v. Hood*, 2019 WL 8219511, at *3 (6th Cir. 2019) ("*pro se* litigants are not exempt from the basic pleading requirements of the Federal Rules of Civil Procedure"). In the instant case, Plaintiff's filings "digress substantially from the . . . rules", *Benzaoual*, 2021 WL 2712174, at *6, and in ways which may prejudice Defendants.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Order Compelling Interrogatories (Doc. No. 19) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his Motion if his good-faith efforts to resolve this dispute informally with Defendants are unavailing and if he complies with Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1.

2.  Plaintiff's Declaration of Events & Testimony (Doc. No. 20) is **STRICKEN** from

   the record. The Clerk is **DIRECTED** to restrict that filing to Court access only.

3.  Plaintiff is **DIRECTED** to familiarize himself with the Local and Federal Rules

   herein cited.

   **IT IS SO ORDERED**.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written

objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed.

R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being

served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F).

Such objections shall specify the portions of the Order objected to and shall be

accompanied by a memorandum of law in support of the objections. If the Order is based

in whole or in part upon matters occurring of record at an oral hearing, the objecting

party shall promptly arrange for the transcription of the record, or such portions of it as

all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned

District Judge otherwise directs. A party may respond to another party's objections

within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)